# RECORD IMPOUNDED

## NOT FOR PUBLICATION WITHOUT THE
## APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0009-24

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

LUIS A. SANTIAGO, JR.,

     Defendant-Appellant.

_____

Submitted January 28, 2026 – Decided June 2, 2026

Before Judges Currier and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 08-06-1812.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Richard Sparaco, Designated Counsel, on the brief).

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Stephen A. Pogany, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant appeals from the order denying his petition for post-conviction relief (PCR). We affirm.

Defendant was convicted of numerous offenses arising out of the kidnapping and sexual assault of S.P. The court sentenced him to an aggregate term of thirty-eight and one-half years of incarceration, subject to an 85% period of parole ineligibility under the No Early Release Act, N.J.S.A. 2C:43-7.2.

On appeal, we vacated five of the convictions. State v. Santiago, Jr., No. A-2776-12 (App. Div. Jan. 28, 2015) (slip op. at 26). In addressing the sentence, the panel noted the trial court did not present any explanation, "except for a general reference to Yarbough,[1] regarding his decision to impose consecutive sentences on the kidnapping and aggravated sexual assaults during the commission of a kidnapping." Id. at 24.

The panel stated: "The judge explained that the two sexual contact counts merited consecutive sentences because they occurred hours earlier, well before the kidnapping and aggravated sexual assaults, and were separate offenses. Those findings were adequately supported by the record and justify a consecutive sentence." Id. at 25.

The panel continued:

---

[1] State v. Yarbough, 100 N.J. 627 (1985).

A-0009-24

However, before imposing the balance of his sentence, the judge said in the most general terms that the crimes were "predominantly independent of each other," involved "separate acts of violence, or threats of violence" and "occurred at much different times," rather than being "so closely committed in time." Some of these findings are clearly contradicted by the record. For example, all of the remaining crimes were in fact committed in a short period of time and can hardly be deemed "predominantly independent of each other."

[Id. at 25-26.]

We remanded for a new sentencing hearing in which the court would consider "factors that both support and mitigate against consecutive sentences." Id. at 26.

The court resentenced defendant on September 7, 2016. The court found several aggravating factors and one mitigating factor and concluded the aggravating factors substantially outweighed the single mitigating factor. The court then extensively considered and analyzed the Yarbough factors, and concluded there were separate assaults against the victim that occurred hours apart and therefore imposed a consecutive sentence on those counts.

Defendant appealed from the sentence. However, the appeal was later withdrawn, and the court dismissed the appeal in 2017.

Subsequently, defendant filed several petitions for PCR that were dismissed without prejudice due to pending competency evaluations. In 2024,

3

defendant filed an amended PCR petition, and counsel submitted a supplemental brief.

On July 18, 2024, the court entered an order and accompanying written decision denying PCR. The court considered and rejected defendant's argument that counsel improperly withdrew the appeal of his sentence. The court noted on remand that the trial court resentenced defendant to essentially the same sentence, but in accordance with this court's mandate to make the requisite Yarbough findings. Therefore, the withdrawal of the appeal was proper.

In addressing defendant's contention that trial counsel failed to elicit certain testimony from him regarding evidence that was obtained prior to trial, the court found the allegation "preposterous and unsubstantiated." The court found defendant could have raised the issue at trial, during his own testimony and cross-examination of the State's witnesses. Moreover, the court stated it was highly unlikely the jury would have exonerated defendant because of this information.

On appeal, defendant renews his arguments and presents the following points for our consideration:

> DEFENDANT WAS ENTITLED TO AN EVIDENTIARY HEARING WHERE HE ESTABLISHED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL.

4

(A) APPELLATE COUNSEL IMPROPERLY WITHDREW THE APPEAL, OR COMPELLED HIM TO WITHDRAW THE APPEAL, OF HIS RE-SENTENCING.

(B) TRIAL COUNSEL FAILED TO ELICIT TESTIMONY FROM DEFENDANT ON DIRECT EXAMINATION REGARDING EVIDENCE THAT A CORRECTIONS OFFICER APPLIED MAKEUP TO HIS NECK IN ORDER TO MAKE IT APPEAR THAT HE HAD SCRATCHES PURPORTEDLY INFLICTED BY THE VICTIM AS DEFENSIVE WOUNDS.

(C) TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO OBTAIN EVIDENCE LEFT ON THE BEDROOM FLOOR; DEFENDANT OFFERED A THEORY THAT THE VICTIM THREW HER COSMETICS AND FIVE EMPTY SHAMPOO BOTTLES INTO A HOLE UNDER HIS BED WITH THE PURPOSE TO IMPLICATE HIM.

The standard for determining whether counsel's performance was ineffective under the Sixth Amendment to the United States Constitution was formulated in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). To prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong test of establishing that: (1) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment; and (2) the defect in performance

A-0009-24

prejudiced defendant's right to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 52 (quoting Strickland, 466 U.S. at 694).

To establish a prima facie case of ineffective assistance of counsel, a defendant must present legally competent evidence rather than "bald assertions." See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Defendant has not met that standard.

We are satisfied from our review of the record that defendant failed to make a prima facie showing ineffectiveness of trial counsel within the Strickland-Fritz test. Accordingly, the PCR court correctly concluded that an evidentiary hearing was not warranted. See State v. Preciose, 129 N.J. 451, 462-63 (1992). As the PCR court noted, the trial court on remand complied with this court's instructions and provided extensive reasons for its imposition of consecutive sentences after analyzing the Yarbough factors. Although the reason for the withdrawal of the appeal is unknown, consideration of the appeal would not have changed the outcome. A court will not grant relief based upon ineffective assistance of counsel if the alleged error was harmless. See State v. Reyes, 140 N.J. 344, 365 (1995).

A-0009-24

We find insufficient merit in defendant's remaining arguments to warrant discussion in a written opinion, R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0009-24